UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SKINNER, #202678,

    Plaintiff,                                        No. 05-71150

-vs-                                           District Judge Nancy G. Edmunds

JOHN ANDREW BEEMER,            Magistrate Judge R. Steven Whalen

    Defendant.
                                       /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO AMEND COMPLAINT**

On October 3, 2005, Plaintiff filed a motion to amend his complaint [Doc. #12]. On May 30, 2006, the Court entered an order denying said motion without prejudice [Doc. #23], based in part on Plaintiff's failure to properly serve the Defendant. The Plaintiff subsequently filed an "Affidavit in Support of Motion to Amend Complaint" [Doc. #27], which, by order dated July 24, 2006 [Docket #28], the Court construed as a renewed motion to amend complaint. The Defendant filed a response on August 11, 2006 [Docket #30].

Plaintiff's original Complaint, brought pursuant to 42 U.S.C. §1983, alleges that on October 9th, 2003, apparently during the course of a misdemeanor arrest, Michigan State Police Trooper John Andrew Beemer struck him with a gun, hit him repeatedly in the face, and jumped on the back of his head, causing physical injuries. Plaintiff alleges that Defendant Beemer used excessive force in violation of his constitutional rights under the

-1-

Fourth and Fourteenth Amendments.[1]

Plaintiff now seeks to amend his Complaint in two respects. First, he proposes to add Detective Richard Mainprize and Detective Don Morse as Defendants in the Fourth/Fourteenth Amendment count under §1983, alleging that they "failed to intercede in the unreasonable arrest action" of Defendant Beemer. Defendant Beemer's counsel states that he "cannot reasonably object to Plaintiff's motion to amend the complaint, as it relates to the inclusion of Mainprize and Morse." Applying the liberal standard accorded motions to amend under Fed.R.Civ.P. 15(a), and taking Plaintiff's allegations as true, this Court agrees, and will therefore GRANT the motion to amend to allow Plaintiff to add Mainprize and Morse as Defendants in the §1983 count, alleging violation of his Fourth and Fourteenth Amendment rights.

Secondly, Plaintiff seeks to add a state law count of civil conspiracy against Defendants Beemer, Mainprize and Morse. The essential elements of a civil conspiracy are (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an

---

[1] Although Plaintiff's original Complaint did not specifically cite the Fourth Amendment, he did allege that Trooper Beemer used "excessive force" during the course of a street encounter. This type of claim is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In his affidavit regarding the motion to file an amended complaint [Docket #27], Plaintiff does cite the Fourth and Fourteenth Amendments. In any event, *pro se* complaints filed by prison inmates are to be construed liberally. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

unlawful purpose (4) or a lawful purpose by unlawful means. *Mays v. Three Rivers Rubber Corp,* 135 Mich.App 42, 48; 352 NW2d 339 (1984); *Admiral Ins Co v. Columbia Casualty Ins Co,* 194 Mich.App 300, 313; 486 NW2d 351 (1992).

Despite the general rule of liberality with which leave to file amended complaints is to be granted under Fed.R.Civ.P. 15(a), the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993). Here, the Plaintiff argues that his conspiracy claim is supported by the allegation that Beemer has provided three different and conflicting versions of what happened on the night in question. *See Plaintiff's Affidavit* [Docket #27], ¶4. That is insufficient to show a civil conspiracy. Nor has the Plaintiff provided any other facts which would support a conspiracy claim.[2] In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court clearly stated the well-settled rule "that conspiracy claims must

---

[2]To the extent that Plaintiff's claim is construed as a conspiracy under 42 U.S.C. §1985, it also fails. Section 1985 proscribes conspiracies to deprive persons of their civil rights under the law, and is directed at racial or otherwise protected class-based discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). To state a claim under § 1985, the complaint must allege a race or class-based discriminatory animus. *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). The Plaintiff in the present case has made no such allegation, and therefore any § 1985(3) claim would be subject to dismissal under Rule 12(b)(6), for failure to state a claim on which relief can be granted. Thus, permitting the amended complaint under §1985 would be futile.

be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...." There must be something more than a defendant's personal belief that he or she is the victim of conspiracy. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

The Court will therefore DENY the motion to amend as to the civil conspiracy count.

Accordingly, the Plaintiff shall, within 30 days of the date of this Order, file an amended complaint consistent with this Opinion and Order.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 21, 2007.


S/G. Wilson
Judicial Assistant