UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SKINNER, #202678

    Plaintiff,        Case No. 05-71150

v.        District Judge Nancy G. Edmunds
        Magistrate Judge R. Steven Whalen

JOHN ANDREW BEEMER, et al.,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR MARSHAL'S SERVICE**

Before the Court is Plaintiff's motion for service of his amended complaint by the United States Marshal [Docket #37]. In his amended complaint, Plaintiff has added two Defendants, Richard Mainprize and Don Morse.

Plaintiff is an inmate in the custody of the MDOC, proceeding *pro se*. At the time the cause of action accrued, Defendants Mainprize and Morse were employed by the Michigan State Police (MSP). Plaintiff states that Defendant Mainprize has since retired.

Without suggesting that this Plaintiff has any nefarious schemes in mind, the Court recognizes that the MSP has legitimate reasons for not providing inmates with the home addresses of its employees or former employees. The Court also recognizes the relative disadvantages borne by a *pro se* inmate-plaintiff *vis-a-vis* a litigant in free society who is represented by counsel. This Plaintiff's problem is that he needs a practical way to serve

-1-

a summons and complaint on Defendant Mainprize. The Federal Rules of Civil Procedure provide a practical solution to that problem.

Fed.R.Civ.P. 4(c)(2) provides that "[a]t the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." The Federal Rules also provide for discovery from non-parties. *See* Fed.R.Civ.P. 37(a)(1); Fed.R.Civ.P. 45; *United States ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).

In the present motion, Plaintiff, who was granted leave to proceed in forma pauperis (IFP), has requested service by the U.S. Marshal, and has also requested the home address of Defendant Mainprize, in effect requesting discovery from the Michigan State Police.

Although the Court is disinclined to provide Defendant Mainprize's home address to the Plaintiff, it would be appropriate to direct the MSP to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself. The Court will then direct the U.S. Marshal to serve a summons and complaint on Mainprize at the address provided by the MSP, and the return of service will be filed under seal.[1]

---

[1] In the alternative, the Michigan Attorney General's Office, which represents Defendant Beemer (who has been served) and the Michigan State Police, may agree to accept service on behalf of Defendants Mainprize and Morse, with their consent.

IT IS THEREFORE ORDERED that Plaintiff's motion for Marshal's service [Docket #37] is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's request to release Defendant Mainprize's home address is GRANTED, subject to a protective order that the address shall not be provided to the Plaintiff himself. Instead, the Michigan State Police shall provide the last known home address of Defendant Mainprize and, if he is employed by the MSP, his current work address, to this Court for *in camera* review. The Court will in turn provide this address to the United States Marshal for purposes of service of process. Any return of service will be filed under seal.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 11, 2007.

S/G. Wilson
Judicial Assistant